M. Anderson Berry (262879)
Gregory Haroutunian (330263)
**CLAYEO C. ARNOLD,**
 **A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Facsimile:  (916) 924-1829
aberry@justice4you.com
gharoutunian@justice4you.com

BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
ALEX J. TRAMONTANO (276666)
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
tramontano@whafh.com

*Attorneys for Plaintiff and Settlement Class Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN BOWDLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KING'S SEAFOOD COMPANY, LLC,<br><br>Defendant. | Case No. 8:21-cv-01784-CJC-JDE<br><br>**DECLARATION OF M. ANDERSON BERRY IN SUPPORT OF PLAINTIFF'S MOTIONS FOR: (1) ATTORNEYS' FEES, EXPENSES AND SERVICE AWARD TO PLAINTIFF; AND (2) FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hrg. Date:   Feb. 13, 2023<br>Time:          1:30 p.m.<br>Ct. Rm:       9B<br>Judge:        Hon. Cormac J. Carney |

I, M. Anderson Berry, being competent to testify, make the following declaration:

1. I have been licensed to practice law in the state of California since 2009. I am admitted to practice in the U.S. District Courts for Northern, Eastern, Central, and Southern Districts of California, the Northern District of Illinois, the Eastern District of Michigan and the Southern District of Indiana. I submit this declaration in support of Plaintiff's Motions for: (1) Attorneys' Fees, Expenses and Service Award to Plaintiff; and (2) Final Approval of Class Action Settlement. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could and would competently testify to them if called upon to do so.

2. Pursuant to this Court's Amended Preliminary Approval Order (ECF No. 35), I was appointed Settlement Class Counsel along with Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP.

3. I practice law at Clayeo C. Arnold, A Professional Law Corporation dba Arnold Law Firm (the "Arnold Law Firm"). Our principal counsel is Clayeo C. Arnold, who has practiced civil litigation on behalf of consumers and individuals in California since 1975. The firm generally employs ten attorneys practicing in the areas of consumer class action, *qui tam*, employment, labor, and personal injury litigation. I head the complex civil litigation group, specifically *qui tam* and data breach class action matters. Attached hereto as **Exhibit A** is the firm resume of the Arnold Law Firm.

4. The Arnold Law Firm attorneys have a long history of successfully handling class actions across a range of industries, including data breach cases. I bring substantial experience in complex litigation matters with a history of litigating in an efficient and practical manner, including as Lead and Co-Lead Class Counsel in numerous data breach class actions.

5. I was first selected as the Northern California Super Lawyers Rising Star in 2015 in the field of complex civil litigation. Before joining the Arnold Law Firm in 2017, I worked as an Assistant United States Attorney for the Eastern District of California. As part of the Affirmative Civil Enforcement unit, I handled a wide variety of complex cases, recovering millions of dollars for the United States.

6. Before working for the Department of Justice, I practiced at one of the world's largest law firms, Jones Day, where I represented clients in international arbitration and complex commercial litigation, including defending class action allegations.

7. I attended the University of California, Berkeley, as an undergraduate and for law school. I graduated from law school in 2008 and was admitted to the State Bar of California in 2009.

8. I have an extensive background in privacy and consumer/government fraud litigation, actively participating in a currently sealed False Claims Act case involving widespread cybersecurity fraud upon the United States. I have litigated more than seventy class action cases across the country involving data breaches, including the following recent matters in which I have a leadership position: *Holmes v. Elephant Insurance Company, et al.*, No. 3:22‐cv‐00487‐JAG (E.D. VA.) (Co-Lead Counsel); *In Re: Arthur J. Gallagher Data Breach Litigation*, No. 1:21-cv-04056 (N.D. Ill.) (Co-Lead Counsel); *Rossi v. Claire's Stores*, No. 1:20-cv-05090 (N.D. Ill.) (Co-Lead Counsel); *In re: CaptureRx Data Breach Litigation*, No. 5:21-cv-00523 (W.D.TX) (Co-Lead Counsel); *A.A. ex rel. Altes v. AFTRA Ret. Fund*, No. 1:20-cv-11119 (S.D.N.Y.) (Co-Lead Counsel); *Desue v. 20/20 Eye Care Network, Inc. et al.,* 0:21-cv-61275 (S.D. Fla.) (Executive Comm.); and *In Re: Morgan Stanley Data Security Litigation*, No. 1:20-cv-05914 (S.D.N.Y.).

9. Alex Sauerwein practiced in the data breach complex litigation group for the Arnold Law Firm under my direct supervision. He has been licensed to practice law in the state of California since 2021.

10. Gregory Haroutunian practices in the data breach complex litigation group for the Arnold Law Firm under my direct supervision. He has been licensed to practice law in the States of New York and New Jersey since 2013 and in the state of California since 2020.

## THE ARNOLD LAW FIRM'S WORK

11. Class Counsel's efforts in this case over the course of this matter have resulted in a Class Settlement providing substantial benefit for Settlement Class Members. I assert that the attorneys' fees sought in the motion for attorneys' fees are reasonable and seek fair and reasonable compensation for undertaking this case on a contingency basis, and for obtaining the relief for Plaintiff and the Settlement Class. Throughout this action, Class Counsel have been challenged by highly experienced and skilled defense counsel who had the ability to deploy substantial resources on behalf of their client.

12. My work on this matter includes: investigating this case; drafting and finalizing the Complaint; attentively tracking news and announcements concerning the Data Security Incident; assisting in preparing the Opposition to Defendant's Motion to Dismiss; negotiating and drafting a complex Settlement Agreement including the exhibits thereto; discussing the notice and administration plans with the Settlement Administrator to ensure compliance with due process; discussing the identity theft services with vendors; moving for and successfully obtaining preliminary approval; communicating with the Settlement Administrator; reviewing and editing notices; monitoring the Notice Program and claims administration; and planning, reviewing and editing the motions for final approval and for attorneys' fees,

expenses costs and service award and the memoranda and declarations in support thereof. I provided assistance while being mindful to avoid duplicative efforts both within my firm and with Co-Class Counsel. Based on this work and my experience I fully endorse this settlement.

13. As part of the Settlement Agreement, Defendant has agreed to pay for the entire cost of notice and claims administration separately from any funds made available to the Settlement Class.

14. As a result of Class Counsel's efforts in researching the legal claims at issue in this case and drafting the Complaint, Defendant agreed to enter into settlement negotiations and to seek an early resolution to the dispute.

15. The Parties' unwavering pursuit of settlement negotiations led them to eventually reach a settlement in principle on all terms, including attorneys' fees, costs and expenses, and the service award. The Parties then memorialized the terms of the settlement in a Settlement Agreement dated August 23, 2022.

16. As part of the process, Co-Class Counsel and I spent many hours crafting a confidential Term Sheet to memorialize the central terms of the settlement, as well as finalizing the Settlement Agreement and each of its exhibits.

17. The Parties did not negotiate attorneys' fees and the service ward until agreement on all substantive portions of the class resolution had been reached, and both the class portion of the resolution and the attorneys' fees and the service award were negotiated during numerous and periodic arm's-length negotiations.

18. Co-counsel and I then diligently worked to effectuate the Settlement Agreement including drafting and filing the Motion for Preliminary Approval, the Motion for Attorneys' Fees, Expenses and Service Award to Plaintiff, and the Motion for Final Approval of Class Action Settlement.

19. The Court preliminarily approved the settlement on September 22, 2022 and then entered an Amended Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement [Dkt. 33] on October 19, 2022 (ECF No. 35).

20. Continuing through today, I have worked with co-counsel, Defendant's counsel, the Pango Identity Defense Complete services provider, and the Claims Administrator regarding claims administration and processing. I have also answered Settlement Class Members' questions about the settlement and the process.

21. Based on my experience I expect to spend at least an additional 20 hours seeking final approval and supervising claims administration and the distribution of settlement proceeds.

22. Alex Sauerwein and Gregory Haroutunian assisted me in this matter with respect to drafting the complaint, motions and associated legal research. They provided assistance while being mindful to avoid duplicative efforts.

23. Olya Velichko was a paralegal at the Arnold Law Firm, working exclusively for me under my direct supervision. She assisted me in this matter with respect to: investigating the cause and effects of this data breach, researching Defendant's operations and background, organizing and calendaring events, and drafting and revising motions and other papers filed in this matter. She provided assistance while being mindful to avoid duplicative efforts.

24. Lori Martin is a paralegal at the Arnold Law Firm, working exclusively for me under my direct supervision. She has worked in litigation for over two decades. She assisted me in this matter with respect to: organizing and calendaring events, and drafting and revising motions and other papers filed in this matter. She provided assistance while being mindful to avoid duplicative efforts.

- 5 -
DECLARATION OF M. ANDERSON BERRY IN SUPPORT OF PLAINTIFF'S MOTIONS FOR: (1) ATTORNEYS' FEES, EXPENSES AND SERVICE AWARD TO PLAINTIFF; AND (2) FINAL APPROVAL OF CLASS ACTION

25. The hourly rates of the professionals at the Arnold Law Firm reflect our experience. The rates of $800 per hour for me, $625 for Gregory Haroutunian, $353 for Alex Sauerwein, $243 for Ms. Martin, and $208 for Ms. Velichko are within the lower end of the range of hourly rates charged by our contemporaries and are the customary rates charged by the Arnold Law Firm.

26. The lawyers and other professional staff of the Arnold Law Firm maintain and record their respective time and the specific services they perform contemporaneously in a computerized system. Based upon the records in this system, the Arnold Law Firm has spent in excess of 164 hours litigating this action as of January 12, 2022, amounting to a lodestar of $99,749.00. This time includes the assistance detailed above by me, Mr. Haroutunian, Mr. Sauerwein, Ms. Martin, and Ms. Velichko.

27. We will spend additional time responding to any objections, preparing for and attending the fairness hearing to obtain final approval, communicating with defense counsel, the class administrator and Class Members, and assisting with any appeal.

28. I assert that the attorneys' fees sought for the Arnold Law Firm personnel in the motion for attorneys' fees are reasonable, and my firm seeks fair and reasonable compensation for undertaking this case on a contingency basis and for obtaining the relief for Plaintiff and the Settlement Class.

29. My firm's rates have been approved in numerous other data breach class action cases in federal courts, including but not limited to: *Carrera Aguallo v. Kemper Corp.*, No. 1:21-cv-01883 (N.D. Ill. Mar. 18, 2022) (ECF No. 53, ¶ 18) (order approving fees and costs); *Gaston v. FabFitFun, Inc.*, No. 2:20-cv-09534-RGK-E, 2021 U.S. Dist. LEXIS 250695 (C.D. Cal. Dec. 9, 2021) (ECF No. 52 at 5-6) (same); *Riggs v. Kroto, Inc.*, No. 1:20-cv-5822 (N.D. Ill. Oct. 29, 2021) (ECF No. 61, ¶ 13);

*Pygin v. Bombas*, No. 20-cv-04412-JSW, 2021 U.S. Dist. LEXIS 251118 (N.D. Cal. Nov. 29, 2021) (ECF No. 61 at 11-12) (same); *In re Hanna Andersson & Salesforce.com Data Breach Litig.*, No. 3:20-cv-00812-EMC (N.D. Cal. Jun. 25, 2021) (ECF No. 75, ¶ 12) (same); and *Llamas v. Truefire, LLC*, No. 8:20-cv-00857-WFJ-CPT (M.D. Fla. May 14, 2021) (ECF No. 35, ¶ 18) (same).

30. The chart below reflects the amount of time spent by professional staff members of the Arnold Law Firm in the investigation and prosecution of this case through January 12, 2023:

| Timekeeper | Rate | Hours | Lodestar |
|---|---|---|---|
| M. Anderson Berry, Attorney | 800 | 64 | $51,200 |
| Gregory Haroutunian, Attorney | 625 | 56.9 | $35,562.50 |
| Alex Sauerwein, Attorney | 353 | 22 | $7,766 |
| Lori Martin, Paralegal | 243 | 9.5 | $2,308.50 |
| Olya Velichko, Paralegal | 208 | 14 | $2,912 |
| **Totals:** | | **166.4** | **$99,749.00** |

31. Attached to this Declaration as **Exhibit B** is a detailed chart breaking down the above time and hours into eleven (11) separate categories of tasks performed by myself, Gregory Haroutunian, Alex Sauerwein, Lori Martin, and Olya Velichko.

32. Plaintiff requests the Court's permission to submit Class Counsel's detailed billing records to the Court *in camera*. I spoke with counsel for Defendant who indicated Defendant does not object to the Court reviewing the billing records *in camera*.

33. The lodestar amount for attorney/paraprofessional time is based on the firms' current rates and the hours are consistent with hourly rates submitted by plaintiffs' counsel in other complex class action litigation. The rates are set based on periodic analysis of rates charged by firms performing comparable work both on the

plaintiff and defense side. The requested rates are reasonable for this case considering the experience and expertise these professionals have in this area of law and have been approved by other courts in similar cases.

34. We expended a significant amount of time litigating this matter and securing the settlement. Because we are a small operation, the expenditure of time on this case precluded our employment on other cases. We took meaningful steps to ensure the efficiency of our work and to avoid duplicating efforts. I expect to maintain a high level of oversight and involvement, along with co-counsel, as the case continues, and anticipate incurring additional lodestar.

35. The Arnold Law Firm's costs and expenses, totaling $3,470.26, are detailed below. I assert they are reasonable, that they were derived from a computerized database maintained by individuals in the accounting office of my firm, and that they were checked for accuracy.

36. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and are an accurate record of the expenses incurred. It is anticipated that costs may continue to accrue, including, but not limited to, costs associated with preparation and filing of the motion for attorneys' fees and motion for final approval of the settlement.

| Costs: Inception to Jan. 9, 2023 | | |
|---|---|---|
| **Category** | **Description** | **Cost** |
| Research | Pacer/Westlaw | $2,186.59 |
| Court Costs | Document Fees | $    1.50 |
| | **Total:** | **$2,188.09** |

**SERVICE AWARD TO THE CLASS REPRESENTATIVE**

37. From the commencement of this case through today, Plaintiff at all times has been in control of this litigation. He reviewed and approved of the

complaint filed in this case and kept up with the ongoing developments of the case. He was also consulted regarding and gave consent to the result reached through the settlement negotiations. The subject of a service award was not raised nor negotiated until after the parties had reached a settlement of the underlying claims, and the Plaintiff's consent and agreement to the terms of the settlement was not, nor is it in any way, conditioned on receipt of a service award.

38. I support and request the reasonable service award in the amount of $1,750 for the Representative Plaintiff in recognition of the time, effort, and expense he incurred pursuing claims that benefited the Settlement Class.

39. Plaintiff spent many hours reviewing pleadings and communicating regularly with his counsel.

40. Plaintiff was instrumental in the success of this case, and the service award requested is warranted, given the considerable settlement he helped achieve for the benefit of Settlement Class Members.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 16th day of January 2023, at Sacramento, California.

_____
M. Anderson Berry
*Attorney for Plaintiff and*
*Settlement Class Counsel*