# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BOWDLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KING'S SEAFOOD COMPANY, LLC,<br><br>Defendant. | Case No. 8:21-cv-01784-CJC-JDE<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**<br><br>Hrg. Date:   Feb. 13, 2023<br>Time:           1:30 p.m.<br>Ct. Rm:       9B<br>Judge:         Hon. Cormac J. Carney |

On September 22, 2022, the Court entered an order granting preliminary approval (ECF No. 34)) to the August 23, 2022 Settlement Agreement between Plaintiff Jonathan Bowdle, individually and on behalf of the Settlement Class (defined below), and Defendant King's Seafood Company, LLC ("Defendant" or "King's Seafood" and, together with Plaintiff, the "Parties").  On October 19, 2022, the Court entered an amended order granting preliminary approval (ECF No. 35) to the Settlement Agreement (the "Preliminary Approval Order"). The Parties have filed an Amended Settlement Agreement dated December 21, 2022 (hereinafter, the "Settlement Agreement").

Commencing on October 21, 2022, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, Atticus Administration LLC ("Atticus"), provided Notice[1] to Settlement Class Members in compliance with Paragraph 5.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

(a) fully and accurately informed Settlement Class Members about the Action and the existence and terms of the Settlement Agreement;

(b) advised Settlement Class members of their right to request exclusion from the settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

(c) provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Fairness Hearing, and to state objections to the proposed settlement; and

(d) provided the time, date, and place of the Final Fairness Hearing.

---

[1] Unless otherwise defined herein, all terms capitalized herein shall have the same definitions ascribed to them as in the Settlement Agreement.

- 1 -

On February 13, 2023, the Court held a Final Fairness Hearing to determine whether the proposed settlement is fair, reasonable and adequate and whether judgment should be entered dismissing this Action with prejudice. The Court reviewed (a) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for an Award off Attorneys' Fees, Expenses and Service Award to Plaintiff (together, the "Motions") and all supporting materials, including but not limited to the Settlement Agreement and the exhibits thereto; (b) any objections filed with or presented to the Court; and (c) the Parties' responses to any objections. The Court also considered the oral argument of counsel and any objectors who appeared. Based on this review and the findings below, the Court finds good cause to grant the Motions.

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this Litigation, all claims raised therein, and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Settlement Agreement was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Action, and with the active involvement of the Parties. Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and/or uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

3. The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for effecting the

Settlement. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

4. The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions in the Settlement Agreement.

## OBJECTIONS AND REQUESTS FOR EXCLUSION

5. No objections to the settlement were submitted. All persons who did not object to the settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6. No one requested to be excluded from the settlement and the Settlement Class.

## CERTIFICATION OF THE SETTLEMENT CLASS

7. Solely for purposes of the Settlement Agreement and this Final Approval and Order and Judgment, the Court hereby certifies the following Settlement Class:

**Settlement Class:**

All individuals residing in the United States to whom Defendant or its authorized representative sent a notice concerning the 2021 Data Security Incident announced by Defendant. Class Members specifically excludes: (i) King's Seafood and King's Seafood's parents, subsidiaries, affiliates and any entity in which King's Seafood has a controlling interest; and (ii) all judges assigned to hear any aspect of this Litigation as well as their immediate family members.

- 3 -

1 The Settlement Class is estimated to include 2,875 individuals.

2     8.    The Court incorporates its preliminary conclusions in the Preliminary Approval Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

    9.    The Court grants final approval to the appointment of Representative Plaintiff Jonathan Bowdle as Class Representative of the Settlement Class and concludes that he has fairly and adequately represented the Settlement Class and shall continue to do so.

    10.    The Court grants final approval to the appointment of M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corporation and Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP as Class Counsel. Class Counsel have fairly and adequately represented the Settlement Classes and shall continue to do so.

## NOTICE TO THE CLASS

    11.    The Court finds that the Notice Program provided for in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the settlement, to object and appear at the Final Fairness Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

///

## ATTORNEYS' FEES AND COSTS, SERVICE AWARD

12. The Court awards Class Counsel $_____ in fees and reimbursement of costs and expenses. The Court finds this amount to be fair and reasonable. Payment shall be made pursuant to the procedures in Section IX of the Settlement Agreement.

13. The Court awards a Service Award of $_____ to Jonathan Bowdle. The Court finds this amounts is justified by his service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in Section IX of the Settlement Agreement.

## RELEASE

14. Each Settlement Class member, including the Class Representative, are be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as defined in the Settlement Agreement and including Unknown Claims. The full terms of the release described in this paragraph are set forth in Section VIII of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release"). Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall directly, indirectly, or in any representative capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in this Settlement Agreement as provided herein) in which any of the Released Claims is asserted.

15. The Settlement Agreement and this Final Judgment and Order apply to all claims or causes of action settled under the Settlement Agreement, and binds Class Representative and all Settlement Class Members who did not properly request exclusion. The Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect

- 5 -

in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Consolidated Cases.

**OTHER PROVISIONS**

16. The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement, and make available to Settlement Class Members the relief provided for therein, in accordance with the Settlement Agreement's terms and provisions.

17. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Action.

18. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by any Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment.

19. If the Effective Date does not occur for any reason, the Action will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Action as if the Settlement Agreement had never been entered into. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions,

negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the Litigation.

20. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over this Action and the Parties with respect to the interpretation, implementation and enforcement of the Settlement Agreement for all purposes.

21. The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

**NOW, THEREFORE**, the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED: _____    _____
HON. CORMAC J. CARNEY
UNITED STATES DISTRICT COURT JUDGE